11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Martin
and Sandra Coyne et al

Appellants

Vs.                   No. 11-03-00120-CV -- Appeal from Kaufman County

Kaufman
County

Appellee

 

This appeal arises out of a lawsuit filed by over
30 residents of Kaufman County against approximately 20 defendants with respect
to the mining of limestone from pits located near the plaintiffs= homes and properties.  The defendants to the lawsuit consist of
mining companies, trucking companies, and Kaufman County (the County).  Appellants asserted claims in the suit against
the County with respect to the care and maintenance of three county roads
located in the vicinity of the mining operations.[1]  Appellants generally contend that their
property has been taken by the County without compensation in violation of TEX.
CONST. art. I, '17.  They also alleged that the County=s operation of the roads constitutes a
nuisance.  The trial court granted
summary judgment in favor of the County on the ground of sovereign
immunity.  After obtaining a severance of
their claims against the County, appellants bring this appeal, attacking the
trial court=s entry
of summary judgment in a single issue. 
We affirm in part and reverse and remand in part.








We review the trial court=s
entry of summary judgment de novo. Provident Life and Accident
Insurance Company v. Knott, 128 S.W.3d 211, 215 (Tex.2003). When reviewing
a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and
resolve any doubts in the non-movant=s favor.  Provident Life and Accident Insurance
Company v. Knott, supra at 215.  The
County filed a Atraditional@ motion for summary judgment under
TEX.R.CIV.P. 166a(c).  Under Rule
166a(c), the party moving for summary judgment bears the burden to show that no
genuine issue of material fact exists and that it is entitled to judgment as a
matter of law. Provident Life and Accident Insurance Company v. Knott, supra
at 215-16.  To prevail as a defendant,
the movant must negate one or more elements of each
of the plaintiff=s causes
of action or prevail on a defense as to each of the plaintiff=s causes of action. American Tobacco
Company, Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex.1997). 

Appellants assert in their sole issue that the
trial court erred in granting summary judgment in favor of the County.  Prior to addressing the merits of the summary
judgment contentions, we must consider a preliminary issue raised by appellants
regarding the County=s
grounds for summary judgment.  Appellants
cite McConnell v. Southside Independent School District, 858 S.W.3d 337,
341 (Tex.1993), for the proposition that summary judgment may only be based on
grounds specified in the motion for summary judgment.  They contend that the County=s motion only sought summary judgment
on the ground of sovereign immunity. It appears that appellants are arguing
that a summary judgment granted in favor of the County on the ground of
sovereign immunity is improper because their taking and nuisance claims have
been recognized as exceptions to the doctrine of governmental immunity.

We disagree with appellants=
narrow construction of the County=s
motion for summary judgment.  The County
stated as follows in the Aintroduction@ section of the motion:

The County has pled the defense of sovereign
immunity.  See Def.=s First Am. Answer at 3.  For the reasons explained below, the County
is entitled to summary judgment on each of Plaintiffs=
claims on this basis.  Plaintiffs cannot
demonstrate that the County=s
conduct amounts to a nuisance or a Ataking@ in violation of the Texas Constitution
so as to overcome the County=s
immunity defense.  Nor can Plaintiffs
establish that the County=s
actions fall within the limited waiver of immunity found in the Texas Tort
Claims Act.  (Emphasis in original)

 








The County included within the AARGUMENT AND AUTHORITIES@ section of the motion the following
headings in bold-faced type:  AA. 
The County=s Conduct
Does Not Constitute a >Taking= Under the Texas Constitution@; AB.  Plaintiffs=
Nuisance Claim Does Not Defeat the County=s
Immunity Defense@; and AC. 
The County is Immune From Liability For Any Negligence.@ 
Accordingly, one of the motion=s
grounds for summary judgment included the County=s
contention that its conduct did not constitute a taking under the Texas
Constitution.  As set forth below, the Ataking@
question is the determinative element with respect to both the constitutional
claim and the nuisance claim asserted by appellants.  

The Texas Supreme Court recently
issued two opinions which significantly affect the issues in this appeal. Tarrant
Regional Water District v. Gragg, No. 01-0362,
2004 Tex. LEXIS 590 (Tex. - June 25, 2004), involved a claim of inverse
condemnation based upon a change in flooding characteristics that damaged a
ranch located in East Texas. Tarrant Regional Water District v. Gragg, supra at *1-2. The court in Gragg
addressed the distinction between mere negligent governmental conduct versus
conduct which rises to the level of a taking. 
Tarrant Regional Water District v. Gragg,
supra at *7, 17-24; see City of Tyler v. Likes, 962 S.W.2d 489, 505
(Tex.1997). The court stated as follows:

Article I, Section 17, of the Texas Constitution
provides:

 

No
person=s
property shall be taken, damaged or destroyed for or applied to public use
without adequate compensation being made, unless by the consent of such person.

 

At
the heart of the takings clause lies the premise that the government
should not force some people alone to bear public burdens which, in all
fairness and justice, should be borne by the public as a whole. A taking under
this provision may be physical or regulatory. A physical taking may occur when
the government physically appropriates or invades private property, or
unreasonably interferes with the landowner=s
right to use and enjoy it.  When the
government takes private property without first paying for it, the owner may
recover damages for inverse condemnation. But mere negligence that eventually
contributes to property damage does not amount to a taking.

 

                                                            *   *   *

 








Over
the years, we have articulated the standard for a compensable physical taking
in various ways. The cases reflect our efforts to account for several concerns
in drawing the line between mere negligence and an unconstitutional taking.  For one, we strive to avoid what would be an
anomalous result if the State, an entity otherwise generally entitled to
immunity for negligence, were subject to liability for something less than
intentional behavior. More importantly, though, we seek to ensure that the public
does not bear the burden of paying for property damage for which it received no
benefit.  As we have noted, our
Constitution provides for compensation only if property is damaged or
appropriated for or applied to public use. That is the factor which distinguishes
a negligence action from one under the constitution for destruction.  Accordingly, we have sought objective indicia
of intent in particular contexts to determine whether property has been taken
or damaged in furtherance of the public interest.  (Emphasis added) (Citations & Quotations
omitted)

 

Tarrant
Regional Water District v. Gragg, supra at
*17-20.

 In City of Dallas v. Jennings, No.
01-1012, 2004 Tex. LEXIS 591 at *1-2 (Tex. - June 25, 2004), the claimants
brought suit for damages they sustained when their home was flooded with raw
sewage as a result of the City=s
sewer system backing up. The claimants in Jennings alleged the same two
theories of recovery as alleged by appellants in the instant appeal: unconstitutional
taking and nuisance.  City of Dallas
v. Jennings, supra at *1-2.  The
trial court granted summary judgment in favor of the City on the ground of
governmental immunity.[2]  City of Dallas v. Jennings, supra at
*3.

The
supreme court began its analysis in Jennings by noting that Ataking,@
Adamaging,@
and Adestruction@ of one=s
property are three distinct claims arising under Article I, Section 17,
and that the term Ataking@ has become used as a collective term
to refer to all three types of claims.  City
of Dallas v. Jennings, supra at *5. 
The claimants in Jennings asserted a Adamage@ claim under the taking clause.  City of Dallas v. Jennings, supra at
*5. The material issue to be resolved in Jennings centered on the type
of intent needed to establish a claim of unconstitutional taking as a result of
damage to one=s
property.  City of Dallas v. Jennings,
supra at *6.  The claimants argued
that a Adamage@ taking occurs if the governmental
entity intentionally performs the act which causes the damage.  City of Dallas v. Jennings, supra at
*6.  Appellants present the same
contention in this appeal. The City asserted in Jennings that the
relevant question is whether the government intended to damage the property,
not whether it merely intended to take an action that accidentally resulted in
such damage.  City of Dallas v.
Jennings, supra at *6.  The supreme
court resolved this issue by  holding
that:

[W]hen
a governmental entity physically damages private property in order to confer a
public benefit, that entity may be liable under Article I, Section 17 if
it (1) knows that a specific act is causing identifiable harm; or (2) knows
that the specific property damage is substantially certain to result from an
authorized government action--that is, that the damage is necessarily an
incident  to, or necessarily a
consequential result of the government=s
action.  (Citations & Quotations
omitted)








 

City
of Dallas v. Jennings, supra at *8-9.

The
supreme court in Jennings also addressed the circumstances under which a
governmental entity can be liable under a nuisance theory for a governmental
function.[3]  City of Dallas v. Jennings, supra at
*11-14.  The court rejected the claimants= contention that a nuisance cause of
action is an independent exception to sovereign immunity.  City of Dallas v. Jennings, supra at
*14.  The court held that a governmental
entity=s
nuisance liability arises only when governmental immunity is clearly and
unambiguously waived by statutory provision. 
City of Dallas v. Jennings, supra at *14.  Under the court=s
analysis, a governmental entity will not have nuisance liability unless the
claimant establishes liability under either the Tort Claims Act[4]
or the taking provision of the Texas Constitution.  City of Dallas v. Jennings, supra at
*14.

Appellants= allegations against the County relate
to the trucking companies=
hauling mined rock over unpaved county roads. 
They contend that the trucks cause dust to be deposited upon their properties.  They additionally assert that the trucks
drive onto their properties because the county roads are too narrow.  Appellants complain that the County has
failed to alleviate these problems by refusing to pave and widen the roads and
by failing to implement traffic control measures to reduce the trucks= speed. 
Based upon these allegations, appellants assert that the County has both
damaged and appropriated their properties by failing to act.[5]









Appellants
have also asserted taking claims premised on acts of commission on the part of
the County.  They contend that the County=s own trucks cause dust to be deposited
onto their properties by failing to observe traffic regulations and by failing
to use tarps to cover their loads. Appellants also alleged that work performed
by the County on County Roads 349 and 350 has caused erosion and flooding on
their properties.  Some of appellants
asserted claims with respect to the County=s
efforts to widen County Road 346. 
Appellants Mona Bland, Russell and Elizabeth Limoges,
and Homer and Carolyn Taylor alleged that they suffered flood damage and the
destruction of barbed wire fencing.  They
also alleged that large brush piles were pushed onto their properties by the
County.

The
County moved for summary judgment on the general premise that appellants= taking claims were based on the County=s alleged negligent conduct rather than
the County=s
intentional acts.  The County supported
its motion for summary judgment with an affidavit of Ivan Johnson, the County
Commissioner of Precinct 3.  Johnson=s affidavit states in relevant part as
follows:

At
no time relevant to the allegations made in this lawsuit have I or any other
representative of Kaufman County acted or failed to act with the intention that
Plaintiffs= property
be taken for public use.  No representative
of Kaufman County has authorized the companies engaging in the blasting and
mining operations to drive onto Plaintiffs=
property or otherwise use their property as a shoulder for county roads.  Additionally, during the course of
maintaining the county roads and the drainage ditches along those roads within
my precinct, I nor any other representative of Kaufman County has acted or
failed to act with the intention that Plaintiffs=
property suffer increased flooding or erosion. 


 

5.  During the course of conducting their
blasting and mining operations, the companies utilized, among other roads,
County Road 346 for transporting their materials and/or hauling rock.  At the time, I was concerned with the
maintenance of County Road 346 which is located within my precinct.  To that end, the County contracted with one
of the companies, Van Zandt Rock Company, to provide the labor, money, and other
property to aid in widening and maintaining County Road 346.  Van Zandt Rock Company performed the
necessary work for this project and, at all relevant times, was acting as an
independent contractor with the County. 
Van Zandt Rock Company was never an employee of Kaufman County.  Attached as Exhibit AB@ is a true and correct copy of the
contract entered into between Kaufman County and Van Zandt Rock Company.

 

6.  Furthermore, no representative of Kaufman
County authorized the damages to Plaintiffs=
property that may have occurred during the process of widening County Road 346.

 








Whether
particular facts are sufficient to establish a taking presents a question of
law which  we review de novo.  Tarrant Regional Water District v. Gragg, supra at *11; General Services
Commission v. Little-Tex Insulation Company, Inc., 39 S.W.3d 591, 598
(Tex.2001).  To establish a taking claim,
a claimant must prove that (1) the governmental entity intentionally performed
certain acts (2) that resulted in a Ataking@ of property (3) for public use.  General Services Commission v. Little-Tex
Insulation Company, Inc., supra at 598; Steele v. City of Houston,
603 S.W.2d 786, 788-92 (Tex.1980).  Many
of appellants= claims
are premised on allegations that the County failed to undertake certain
measures to prevent the encroachment and damages alleged to have been caused by
trucks owned by third parties. 
Appellants=
assertions that the County should have widened roads, paved roads, and enforced
traffic regulations do not constitute intentional acts on the part of the
County sufficient to establish a taking claim. 
An allegation that a person or entity failed to undertake an act it
should have taken constitutes an allegation of negligent conduct.  The Texas Supreme Court has repeatedly held
that acts of mere negligence will not support a taking claim.  Tarrant Regional Water District v. Gragg, supra at *7, 18; 
City of Dallas v. Jennings, supra at *6; City of Tyler v.
Likes, supra at 505.  Therefore, we
sustain the trial court=s
entry of summary judgment on appellants=
taking and nuisance claims which are premised on allegations that the County
failed to undertake various  actions.[6]

We
reach a different result with respect to the damage allegations arising from
the operation of the County=s
trucks over the roads and the County=s
maintenance of the roads.  Commissioner
Johnson=s
affidavit focused on the Aintent@ element of a taking claim.  He stated that the County did not intend to
cause flooding, erosion, or other damage to appellants=
properties.  As such, his affi-davit only addressed the concept of Aintent to damage@
which the supreme court rejected in Jennings as the sole criteria in a Adamage@
taking claim.  City of Dallas v.
Jennings, supra at *8-9.  Under the
supreme court=s
standard adopted in Jennings, summary judgment would not be appropriate
on the issue of intent unless the County also conclusively established that it
did not know that the specific property damage claimed by appellants was
substantially certain to result from its actions.  City of Dallas v. Jennings, supra at
*8-9.








Furthermore,
the statements in Johnson=s
affidavit pertaining to Van Zandt Rock Company=s
work on County Road 346 do not conclusively absolve the County of
liability.  Johnson stated that  Aat
all relevant times, [Van Zandt Rock Company] was acting as an independent
contractor with the County.@  However, Johnson also stated that the County
contracted with the rock company Ato
aid in widening and maintaining County Road 346.@  (Emphasis added)  The statement that Van Zandt Rock Company Aaid[ed]@
the County in widening and maintaining County Road 346 suggested that the rock
company=s role
with respect to the project was something less than as an independent
contractor.  The contract  between the County and the rock company did
not provide that the rock company would assume exclusive responsibility for
widening and maintaining County Road 346. 
Instead, the contract only provided that the rock company would donate
labor, money, and other property to aid in maintaining County Road 346 for a
one-year period.  See TEX. TRANSP.
CODE ANN. ' 252.109
(Vernon 1999).  Accordingly, appellants= sole appellate issue is sustained in
part.

The
trial court=s entry
of summary judgment is affirmed with respect to appellants= taking and nuisance claims which are
premised on the allegations that the County failed to undertake various actions
including widening roads, paving roads, and enforcing traffic regulations.  The portion of the judgment dismissing
appellants=
remaining claims is reversed, and these claims are remanded to the trial court.

 

W.
G. ARNOT, III

CHIEF
JUSTICE

 

July
15, 2004

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and McCall, J.











     [1]The
following individuals are appellants in this appeal: Martin and Sandra Coyne;
Richard and Patricia DeLange; Kathleen Eskue; Carolyn and Michael Matus,
individually and A/N/F of Nicole Matus and Kelsey Matus (minors); Sonya and William Morley; Gordon Sanders;
Alfred and Coral Selman; Sharien and Richard Strange,
individually and A/N/F of Alexandria Strange (a minor); Thomas and Gloria
Strange; Bambi Sue and Timothy Wilburn, individually and A/N/F of Bailee Wilburn and Sawyer Wilburn (minors); Mona Bland;
Russell and Elizabeth Limoges; Homer and Carolyn
Taylor; and Joe Rice.





     [2]The
City also sought a no-evidence summary judgment under TEX.R.CIV.P. 166a(i).  We note that, in
this proceeding, the County did not seek a no-evidence summary judgment.





     [3]The
County=s maintenance of county roads is a governmental
function.  See TEX. CIV. PRAC.
& REM. CODE ANN. ' 101.0215(a)(4) (Vernon Pamph.
Supp. 2004).





     [4]See
TEX. CIV. PRAC. & REM. CODE ANN.  ' 101.021 (Vernon 1997).





     [5]Appellants
contend that their properties have been appropriated as a result of the
trucking companies= use of their properties for Ade facto@ shoulders of the county roads.





     [6]Appellants
contend that the County=s summary judgment evidence is insufficient because the
County has not admitted that its conduct constituted negligence.  We disagree with this proposition.  Irrespective of the County=s admission or denial of negligent conduct, appellants= contentions that the County failed to widen roads,
pave roads, and enforce traffic regulations are allegations of  negligent conduct.